## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH A. STALLARD

13450 Farmcrest Ct., Apt 636
Herndon, VA, 20171
(703) 310-7049

                    Plaintiff,

        v.

CAPCOM CO., LTD.

3-1-3, Uchihirano-machi, Chuo-ku
Osaka, 540-0037
Japan

                    Defendant.

Case: 1:22−cv−00645 JURY DEMAND
Assigned To : Kelly, Timothy J.
Assign. Date : 3/7/2022
Description: Pro Se Gen. Civ. (F−DECK)

 Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff **Joseph A. Stallard** alleges the following against **Capcom Co., Ltd.** ("**Capcom**").

## INTRODUCTION

1.      Plaintiff Stallard brings this action against Capcom for copying his video game character, Maria, to create its own character, Nico, in violation of the Copyright Act, the subsequent reverse passing off under the Lanham Act, and the usurpation of the goodwill in the trademark rights of his video game character.

2.      Stallard does not want Capcom to stop using Nico in any games or anywhere. This action only relates to Capcom's past behavior.

## PARTIES

3.      Plaintiff **Joseph A. Stallard** is an individual and citizen of Virginia, residing at 13450 Farmcrest Ct. Apt 636, Herndon, Virginia 20171, and doing business as **Osgoode Media**, as an individual.

4.      Defendant **Capcom Co., Ltd.** is a Japanese corporation with its principal place of business at 3-1-3 Uchihirano-machi, Chuo-ku, Osaka, 540-0037, Japan.

## JURISDICTION AND VENUE

5.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.; and trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has original jurisdiction over those claims, under 28 U.S.C. § 1331.

6.      This Court also has subject matter jurisdiction under 15 U.S.C. § 1121 (jurisdiction over Lanham Act claims) and 28 U.S.C. § 1338(a) (jurisdiction over copyright and trademark claims). This Court also has jurisdiction over the unfair competition claims under 28 U.S.C. §1338(b).

7.      This Court has supplemental jurisdiction over the other claims under 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

8.      This Court has personal jurisdiction over Capcom under Federal Rule of Civil Procedure 4(k)(2).  The claims arise under federal law. Capcom is a Japanese corporation that is not subject to jurisdiction in any state's courts of general jurisdiction.

9.      Capcom wrongfully copied art registered with the United States Copyright Office and created by Stallard (a US citizen) in the United States. Capcom infringed Stallard's art in its Devil May Cry 5 game and promotional material.  Then Capcom distributed Devil May Cry 5 and

the infringing art throughout the United States through United States companies causing injury to Stallard in the United States in violation of United States copyright and trademark law. This distribution of infringing material is the cause of the action, and Capcom knew the brunt of the damage would be felt in the United States.

10.     Venue is proper because the Capcom is an alien corporation, and it can be sued in any judicial district. 28 U.S.C. § 1391(c)(3). Suits against alien corporations are outside the venue statutes.

## FACTUAL ALLEGATIONS

### Maria Copyright and Trademark

11.     Under the trade name of Osgoode Media, Plaintiff Stallard developed and digitally published Target of Desire: Episode 1 as a video game on Tizen (April 5, 2017), Amazon Appstore (May 2, 2017), Google Play (May 3, 2017), Microsoft Store (August 30, 2017) and itch.io (December 14, 2017).

12.     Target of Desire: Episode 1 has characters named Maria and Maia, and their images are graphically rendered from their 3D models.

13.     From April 2017 into 2018 and later, Plaintiff Stallard posted many promotional images of Maria and Maia on the Osgoode Media website, and other various social media, blog, video game and art websites. The Maria art was readily available in the market and widely available for public consumption.

14.     Stallard used various images of Maria as trademarks in United States and worldwide commerce since April 2017 to represent both the Target of Desire video game and Osgoode Media.

15.     Stallard displays Maria in the headers for his social media and game publisher profiles.  The Maria image trademark is distinctive and fanciful.  She is a unique character that differentiates her video game and Stallard as a video game developer.

16.     On May 8, 2018, Plaintiff Stallard registered the copyright for Target of Desire: Episode 1 as a graphic novel (Registration No. TX0008571167) with the United States Copyright Office. The graphic novel had the same rendered images of the 3D model of Maria as the video game, so Stallard has the copyright registration for the art for Maria as a 3D character model used in the game and book.

17.     On November 9, 2021, Stallard applied for a trademark for an image of Maria (US Serial No. 97115036) with the United States Patent and Trademark Office ("USPTO") for use with video games.

## Nico and Devil May Cry 5

18.     On March 3, 2019, Capcom published a video game called Devil May Cry 5 worldwide on PlayStation 4, Xbox One and Microsoft Windows.

19.     Devil May Cry 5 sold roughly 4 million copies.

20.     Devil May Cry 5 has a character named Nicoletta Goldstein or Nico, also rendered in the game from a 3D model, like Maria.

21.     Capcom used images of Nico as trademarks in United States commerce to represent both Devil May Cry 5 and Capcom.

## Capcom copied Maria to create Nico

22.     Big budget video games, like Devil May Cry 5, often use real world actors for the models and animations of the 3D characters in the game.  The 3D character needs to look like the actor, so the animations match, especially the facial animations.

4

23.     Similarly, Capcom used a British model to create the 3D model for Nico for Devil May Cry 5.

24.     However, Capcom copied Nico from Maria.

25.     The following is an image of Maria (top left) next to an image of Nico (top right) from the official Devil May Cry 5 website.



26.     Below those images, there is the infringing image of Maria (bottom left) that Stallard posted on December 15, 2017 on itch.io.  itch.io is a popular video game marketplace where video game developers post their games and developer logs.

27.     Next to Maria is the British model (bottom right) used as the model for Nico.

28.     Capcom found Stallard's image of Maria on itch.io and willfully copied it to create Nico.  Capcom dressed the British model to look like Maria, and that became Nico.

29.     The minute differences between Maria and Nico are mostly because Capcom used a British model, and Maria is Latina.  Also, Maria's hair is not possible in real life, so Nico's hair is closest real-life approximation.

30.     Maria and Nico have the same look and feel.  They have the same large toothy smile and tilted head.  They have the same glasses.  They both have big hair.  They both look to side.  They both have hair in their eyes.

31.     Also, Nico wears a crop top and short shorts. The other main character in Stallard's game besides Maria is Maia, and Maia also wears a crop top and a short skirt.  That is more evidence that Capcom used Maria for Nico.

32.     Capcom distributes games in the same marketplaces as Maria's game - Google Play, Amazon, and Microsoft Store.  Both Stallard and Capcom also distribute games on Steam and Xbox.

33.     Customers who encounter Maria would think she is a copy of Nico.

### Capcom's Copyright Infringement

34.     Capcom copied Maria to make Nico for Devil May Cry 5, and distributed Devil May Cry 5 and promotional material across the United States and worldwide, in violation of copyright laws.

6

35.     Capcom has a history of using other people's art without permission.

36.     In 2008, Capcom displayed a watermark for the game publication IGN on the box art for the Nintendo Wii version of its game, Okami.

37.     Capcom was sued by a photographer for using her photos in its Resident Evil and Devil May Cry series of video games.   See Juracek v. Capcom Co., Ltd. (3:21-cv-00775).

38.     Dutch film director Richard Raaphorst claimed that Capcom used his creature designs in Devil May Cry 5 Village.

39.     Capcom distributed Devil May Cry 5 for the PlayStation 4 and 5 to United States customers through Sony Interactive Entertainment LLC (based San Mateo, California), Amazon.com, Inc. (based in Seattle, Washington), Walmart (based in Bentonville, Arkansas), GameStop (based in Grapevine, Texas), Best Buy (based in Richfield, Minnesota) and Target (based in Minneapolis, Minnesota).

40.     Capcom distributed Devil May Cry 5 for the Xbox One and Xbox Series X|S to United States customers through Microsoft Corporation (based in Redmond, Washington), Amazon.com, Inc. (based in Seattle, Washington), Walmart (based in Bentonville, Arkansas), GameStop (based in Grapevine, Texas), Best Buy (based in Richfield, Minnesota), Target (based in Minneapolis, Minnesota) and Newegg (City of Industry, California).

41.     Capcom distributed Devil May Cry 5 for the PC (Microsoft Windows) to United States customers through Steam (by Valve Corporation based in Bellevue, Washington), Microsoft Store (by Microsoft Corporation based in Redmond, Washington), GameStop (based in Grapevine, Texas) and Newegg (City of Industry, California).

42.     Capcom distributed Devil May Cry 5 for Amazon Luna to United States customers through Amazon.com, Inc. (based in Seattle, Washington).

43.     Capcom also distributes video games to United States residents on the App Store (by Apple based in Cupertino, California) and Google Play (by Google based in Mountain View, California).

44.     Capcom has a website for Devil May Cry 5, specifically targeting the United States https://www.devilmaycry5.com/us/

45.     Capcom entered into Terms of Service contracts with United States residents for Devil May Cry 5.

46.     Capcom has a wholly owned subsidiary in the United States called Capcom USA.

47.     Capcom sold microtransactions to United States residents for Devil May Cry 5.

## COUNT 1

## WILLFUL COPYRIGHT INFRINGEMENT

### 17 U.S.C. § 501(a)

48.     Plaintiff Stallard realleges and incorporates by reference each of the allegations set forth in the rest of this Complaint.

49.     Stallard owns the copyrights to the art for his Maria character.

50.     Stallard posted an image of Maria on itch.io, a site visited by video game developers.

51.     Capcom, who is also a video game developer, accessed Stallard's Maria image on itch.io.

52.     Maria and Nico are probatively similar.

53.     Capcom's access of Stallard's Maria image and the probative similarities between Maria and Nico show that Capcom willfully copied Maria to create Nico.

54.     Capcom distributed Nico and Devil May Cry 5 in the United States and worldwide.

55.     The substantial similarity between Maria and Nico show that Capcom unlawfully appropriated Maria to copy, create and distribute Nico in violation of the Copyright Act.

56.     Stallard registered the copyright for Maria with the United States Copyright Office before Capcom published Devil May Cry 5, so Capcom is liable for statutory damages. 17 U.S.C. § 504(c).

57.     Capcom's copyright infringement was willful, so Capcom is liable for up to $150,000 in statutory damages. 17 U.S.C. § 504(c)(2).

58.     Alternatively, Capcom is liable for Stallard's actual damages and any profits from Nico. 17 U.S.C. § 504(a)(1).

## COUNT 2

## WILLFUL TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1125(a)

59.     Plaintiff Stallard realleges and incorporates by reference each of the allegations set forth in the rest of this Complaint.

60.     Stallard uses images of Maria in commerce as trademarks for video games.

61.     Stallard owns valid unregistered trademark rights to the Maria images.

62.     Capcom uses images of Nico as trademarks for Devil May Cry 5 and Capcom.

63.     Capcom began using Nico trademarks after Stallard began using his Maria trademarks.

64.     Consumers are substantially likely to confuse the Nico trademarks with the Maria trademarks, so Capcom's use of the Nico trademarks is reverse passing off in violation U.S. trademark laws (Lanham Act).

65.     Capcom is liable for the profits from Nico. 15 U.S. Code § 1117(a).

## COUNT 3

## UNFAIR COMPETITION AND COMMON LAW TRADEMARK INFRINGEMENT

66.     Plaintiff Stallard realleges and incorporates by reference each of the allegations set forth in the rest of this Complaint.

67.     Capcom reverse passed off Maria trademarks as Nico trademarks, so Capcom is liable for unfair competition under common law.

## COUNT 4

## UNJUST ENRICHMENT

68.     Plaintiff Stallard realleges and incorporates by reference each of the allegations set forth in the rest of this Complaint.

69.     Capcom's Nico trademarks unlawfully usurped the goodwill that Stallard tried to build with his Maria trademarks.  This is goodwill that Stallard cannot get back.  It is unjust for Capcom to profit from Nico, so Capcom is liable for any profits from Nico.

## REQUESTED RELIEF

Plaintiff Stallard respectfully requests:

1.  entry of judgment in his favor;

2.  an award of statutory, enhanced, exemplary, punitive, restitutionary and special damages proven at trial;

3.  pre-judgment interest and post-judgment interest;

4.  equitable relief to compensate for the loss of goodwill that cannot be recovered;

5.  fees and costs;

6.  and such other relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff Stallard respectfully requests a trial by jury on all triable issues in accordance with

Fed. R. Civ. P. 38.

Dated: March 7, 2022                    Respectfully submitted,

                                        Joseph A. Stallard
                                        13450 Farmcrest Ct. Apt 636
                                        Herndon, VA 20171
                                        (703) 310-7049
                                        AndyStallard@outlook.com
                                        *Pro se Plaintiff*